United States District Court
Southern District of Texas
FILED

MAY 0 7 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAMON SANTELLANA, MARIA ISABEL SANTELLANA, DAVID LOPEZ AND LINDA LOPEZ | \| \| \| \| |
| VS. | \| CIVIL ACTION NO. **B-04-082** |
| CHARMING CASTLE, L.L.C., D/B/A INDIES HOUSE | \| \| (JURY) |

---

PETITION/NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **CHARMING CASTLE, a Limited Liability Corporation, d/b/a INDIES HOUSE**, Defendant in the above styled and numbered cause, pursuant to 28 U.S.C.. §1446, files this Petition of Removal and for cause would show the Court as follows:

I.

Plaintiffs instituted a civil action in the County Court at Law No. 3, Cameron County, Texas, against Defendant, CHARMING CASTLE, a Limited Liability Corporation, d/b/a INDIES HOUSE. True copies of all pleadings and other papers from the state court litigation are separately filed contemporaneous with the filing of this Petition of Removal.

II.

This action is properly removable under 28 U.S.C., §1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C., §1332(a). The Plaintiffs are citizens

of the State of Texas. The Defendant, CHARMING CASTLE, a Limited Liability Corporation, d/b/a INDIES HOUSE, is an Alabama corporation whose principal place of business is Hackleburg, Alabama.

### III.

28 U.S.C. §1446 contains the procedure for removal. §1446(a) requires a statement of removal with a short and plain statement of the grounds for removal together with the papers served upon the Defendant in the state court action. This case is removable due to the existence of diversity jurisdiction. The United States District Court has jurisdiction based on diversity pursuant to 28 U.S.C., §1332(a)(1) . The District Court has the original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### IV.

The suit was initially filed in state court on March 17, 2004. Defendant was served with the petition on April 9, 2004. The amount in controversy is not readily apparent from the face of the Plaintiffs' Original Petition, however, the Plaintiffs' Deceptive Trade Practices Act demand letter dated December 12, 2003, (attached hereto as Exhibit 1) states that the Plaintiffs "have sustained economic damages in the amount of $33,000.00, damages for mental anguish in the amount of $100,000.00, and attorney's fees of $2,500.00 reasonably incurred by my clients in the assertion of this claim, for a total amount of $135,500.00." Thus, based on said DTPA demand letter, the Plaintiffs made it clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, Defendant exercises its right to remove this action within thirty (30) days of receipt of Plaintiffs' petition. Defendant timely exercised its right of removal.

### V.

Notice of this removal to the United States District Court has been provided to the Cameron County Court at Law No. 3 from which this suit originated and counsel for Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, CHARMING CASTLE, a Limited Liability Corporation, d/b/a INDIES HOUSE, prays that this action be removed from the County Court at Law No. 3, Cameron County, Texas, to the United States District Court for the Southern District

of Texas, Brownsville Division, and for such other and further relief to which Defendant may be entitled to receive.

                              Respectfully submitted,

                              ADAMS & GRAHAM, L.L.P.
                              P. O. Drawer 1429
                              Harlingen, Texas 78551-1429
                              (956) 428-7495
                              (956) 428-2954 (Fax)


                              By_____
                                   Barry Ray (Lead Attorney)
                                   State Bar No. 16606355
                                   Federal I.D. No. 15705
                                   Mr. Craig H. Vittitoe
                                   State Bar No. 20593900
                                   Fed. I.D. No. 18756
                                   Roger W. Hughes
                                   State Bar No. 10229500
                                   Federal ID No. 5950

                              ATTORNEYS FOR DEFENDANT
                              CHARMING CASTLE, Limited Liability
                              Corporation, d/b/a INDIES HOUSE


                      CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 7th day of May, 2004.

Mr. Gene McCullough            *Via CM/RRR No.  7002 2410 0001 9643 4881*
McCullough and McCullough
P. O. Box 2244
Harlingen, TX 78551-2244


                              _____
                              Barry Ray

DEC 1 6 2003

**McCULLOUGH AND McCULLOUGH**
Attorneys at Law
323 E. Jackson Street
P.O. Box 2244
Harlingen, Texas 78551-2244

GRAHAM McCULLOUGH
BOARD CERTIFIED REAL ESTATE/RESIDENTIAL
TEXAS BOARD OF LEGAL SPECIALIZATION

TELEPHONE (956) 423-1234
TELECOPIER (956) 423-4976

GENE McCULLOUGH

December 12, 2003

Indies House                               By Certified Mail
Indies House                        Return Receipt Requested
P.O. Box 190
Hackleburg, AL   35564              #7002 3150 0000 0510 8673

    Re:  Notice of Claim, Texas Deceptive Trade Practices Act
(DTPA)

To Whom It May Concern:

    Please be advised that I have been engaged to represent Ramon
G. Santellana, Maria I Santellana, David Lopez and Linda Lopez
regarding the above-referenced matter.

    On or about April 20, 1999, my clients, Ramon and Maria
Santellana purchased a mobile home identified by label number TRA
455466 and complete serial number AL1680-I99-1632 from Indies
House through Mobile Home Liquidators, Inc. in Harlingen, Texas. Since
that time, they have begun to experience serious problems with
their mobile home which are not to be expected.  The home has
experienced serious water penetration.

    Upon inspection, it is clear that the water penetration is not
due to weather damage.  Instead, after inspection by their
insurance adjuster, it became evident that the damage was being
caused by faulty installation of the siding on the unit.  The
problem starts at the point where the siding meets the fascia board
at the top of the house.  There is no seal or flashing in place to
prevent water from penetrating behind the siding on the home.
Water has seeped behind the siding damaging both the exterior of
the home, and the interior of the home.  As a result of the water
penetration, the plywood has become severely damaged, and has begun
to fail.  Throughout the home, the plywood, sheetrock, insulation
in the flooring, doors and carpeting have become permeated with
mold.  The mold growing in the home has begun to create health
problems for the residents of the home, the Lopez family.  They
live there with their young child.  All of them are beginning to
experience illness which could well be related to the mold exposure
they are experiencing.

    In connection with the conduct and/or omissions described
above, you engaged in an "unconscionable action or course of
action" by taking advantage of the lack of knowledge, ability,

EXHIBIT 1 to PETITION/NOTICE OF REMOVAL

experience, or capacity of my clients to a grossly unfair degree.

We also contend that the following warranties were breached and therefore actionable under the Texas Deceptive Trade Practices – Consumer Protection Act:

> (a)   the implied warranty of fitness for a particular purpose;
>
> (b)   the implied warranty of merchantability; and
>
> (c)   the express warranty of habitability.

Additionally, we contend that you engaged in false, misleading or deceptive acts as provided by the Texas Manufactured Housing Standards Act (Article 5221f, Sections 17(c) and/or 18(b), Texas Revised Civil Statutes).

Notice is hereby given under Section 17.505 of the Texas Deceptive Trade Practices – Consumer Protection Act that my clients have sustained economic damages in the amount of $33,000, damages for mental anguish in the amount of $100,000, and attorney's fees of $2500 reasonably incurred by my clients in the assertion of this claim, for a total amount of $135,500.00. Demand is therefore made pursuant to the DTPA for the amount of $135,500.00 in the form of a money order or cashier's check, payable to "Gene McCullough, Trustee."

If payment to my clients in the total amount of $135,500.00 as requested hereinabove is not forthcoming within the time provided by law, suit will be filed in a court of competent jurisdiction.

As provided by Section 17.505(a) of the DTPA, we are amenable to the inspection of the mobile home in a reasonable manner and at a reasonable time and place, agreed upon in advance. Please feel free to contact me to set up mutually agreeable arrangements in this regard.

Please be advised that under the DTPA an award of court costs and reasonable and necessary attorney's fees is mandatory to a consumer who prevails in such a lawsuit. Please be further advised that damages for mental anguish and up to three times the amount of economic damages may be awarded at trial in the event that the trier of fact finds that actionable conduct was committed "knowingly." If the conduct is found to have been committed "intentionally," my clients could recover up to three times the amount of damages for both mental anguish and economic damages.

I urge you to give this matter your immediate attention.

Sincerely,

McCullough and McCullough

By: Gene McCullough,
Attorney at Law


cc:  clients

## *INDEX OF MATTERS BEING FILED*

1.  Correspondence to the U. S. District Court Clerk
2.  Petition/Notice of Removal
3.  Civil Cover Sheet
4.  Index of Matters Being Filed
5.  List of All Counsel of Record
6.  Certified copy of Cameron County Court at Law No. 3's court file.
7.  Defendant's Notification of Removal to Cameron County Court at Law No. 3

### *LIST OF ALL COUNSEL OF RECORD*

<u>ATTORNEYS FOR PLAINTIFF:</u>

Mr. Gene McCullough
State Bar No.  00794267
McCULLOUGH AND McCULLOUGH
P. O. Box 2244
Harlingen, TX 78551-2244
Phone (956) 423-1234
Fax   (956) 423-4976


<u>ATTORNEYS FOR DEFENDANT:</u>

Mr.  Barry Ray (Lead)
State Bar No. 16606355
Federal I.D. No. 15705
Mr. Craig H. Vittitoe
State Bar No. 20593900
Fed. I.D. No. 18756
Roger W. Hughes
State Bar No. 10229500
Federal ID No. 5950
ADAMS & GRAHAM, L.L.P.
P. O.  Box 1429
Harlingen, Texas 78551-1429
Phone (956) 428-7495
Fax (956) 428-2954

RUN DATE 05/05/04
RUN TIME  4:25 PM

* * *  C L E R K ' S   E N T R

RAMON SANTELLANA, MARIA ISABEL SANTELLANA, ET AL    (00394602) GENE MCCULLOUGH

VS

INDIES HOUSE    (00001214) HON. CRAIG H. V.



**CAMERON COUNTY CLERK'S OFFICE**

| | |
|---|---|
| PHONE:    956-544-8867 | 974 E. Harrison St. |
| FAX:      956-544-0894 | Brownsville, TX 78521 |

# Cause No.  2004-CCL-348-C

| Attorney for Plaintiff | | |
|---|---|---|
| **Firm Name:** MCCULLOUGH & MCCULLOUGH | | **Date:** 03/17/04 |
| **Attorney Name:** GENE MCCULLOUGH | | **Firm ID No:** 394602 |
| **Address:** P O BOX 2244/ 323 E. JACKSON | | |
| HARLINGEN TX 78550 | | |
| **Phone:** 956-423-1234 | | **Fax:** 423-4976 |

| Withdrew or Substituted by: | | |
|---|---|---|
| **Firm Name:** | | **Date:** |
| **Attorney Name:** | | **Firm ID No:** |
| **Address:** | | |
| | | |
| **Phone:** | | **Fax:** |

| Attorney for Defendant (s) | | |
|---|---|---|
| **Firm Name:** | | **Date:** |
| **Attorney Name:** | | **Firm ID No:** |
| **Address:** | | |
| | | |
| **Phone:** | | **Fax:** |

| Withdrew or Substituted by: | | |
|---|---|---|
| **Firm Name:** | | **Date:** |
| **Attorney Name:** | | **Firm ID No:** |
| **Address:** | | |
| | | |
| **Phone:** | | **Fax:** |

| Ad Litem | | |
|---|---|---|
| **Firm Name:** | | **Date:** |
| **Attorney Name:** | | **Firm ID No:** |
| **Address:** | | |
| | | **Fax:** |

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page____/____ of __21/

FILED FOR RECORD
AT___ O'CLOCK ___M

MAR 1 7 2004

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____Deputy

NO. 2004-CCL-348 C

RAMON SANTELLANA, MARIA      §    IN THE COUNTY COURT AT LAW
ISABEL SANTELLANA, DAVID     §
LOPEZ AND LINDA LOPEZ        §
Plaintiffs,                  §
                             §
                             §
v.                           §    NO. 3_____
                             §
INDIES HOUSE                 §
Defendant.                   §    CAMERON COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Ramon Santellana, Maria Isabel Santellana, David Lopez and Linda Lopez, hereinafter called Plaintiffs, complaining of and about Indies House, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Ramon Santellana, is an Individual whose address is P. O. Box 423, Edinburg, Hidalgo County, Texas 78540.

3.    Plaintiff, Maria Isabel Santellana, is an Individual whose address is P. O. Box 423, Edinburg, Hidalgo County, Texas 78540.

4.    Plaintiff, David Lopez, is an Individual whose address is ___e 1, Box 195 Z 14, Mercedes, Hidalgo County, Texas 78570.

Plaintiff, Linda Lopez, is an Individual whose address is

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 2 of 21

2004-CCL-0348C

Route 1, Box 195 Z 14, Mercedes, Hidalgo County, Texas 78570.

6.   Defendant Indies House, a nonresident corporation, may be served pursuant to Article 2.11A of the Business Corporation Act by serving the president and general manager of the corporation, Randy Masters, at Highway 172 East, Hackleburg, Alabama, 35564, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

7.   The subject matter in controversy is within the jurisdictional limits of this court.

8.   This court has jurisdiction over Defendant Indies House, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Indies House will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.   Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Indies House to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10.   Furthermore, Plaintiffs would show that Defendant Indies House engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and

**A CERTIFIED COPY**
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 3 of 21

Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

11. Venue in Cameron County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### FACTS

12. On or about April 20, 1999, Ramon and Maria Santellana purchased a mobile home indentified by label number TRA 455466 and complete serial number AL1680-I99-1632 from Indies House through Mobile Home Liquidators, Inc. in Harlingen, Texas. Since that time, they have begun to experience serious problems with their mobile home which are not to be expected. The home has experienced serious water penetration.

Upon inspection, it is clear that the water penetration is no due to weather damage. Instead, after inspection by their insurance adjuster, it became evident that the damage was being caused by faulty installation of the siding on the unit. The problem starts at the point where the siding meets the fascia board at the top of the house. There is no seal or flashing in place to prevent water from penetrating behind the siding on the home. Water was seeped behind the siding damaging both the exterior of the home, and the interior of the home. As a result of the water

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page____ of __21__

penetration, the plywood has become severely damaged, and has begun to fail.  Throughout the home, the plywood, sheetrock, insulation in the flooring, doors and carpeting have become permeated with mold.  The mold growing in the home has begun to create health problems for the residents of the home, the Lopez family.  They live there with their young child.  All of them are beginning to experience illness which could well be related to the mold exposure they are experiencing.

### DECEPTIVE TRADE PRACTICES

13.  Plaintiffs would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

14.  Unconscionable Action or Course of Action.  Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

15.  Violations of Section 17.46(b).  Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)  represented that goods or services are of a particular standard, quality, or grade, or that goods are of a

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 5 of 21

particular style or model, if they are of another; and

 (b) represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve.

 16. <u>Breach of Warranties</u>. Plaintiffs would show that the following warranties were breached and therefore actionable under Section 17.50(a)(2) of the Texas Business and Commerce Code:

 (a) the implied warranty of fitness for a particular purpose;

 (b) the implied warranty of merchantability; and

 (c) the express warranty of habitability.

 17. <u>DTPA Violations under Other Statute</u>. Plaintiffs would further show that Defendant engaged in false, misleading or deceptive acts as provided by the following "tie-in" statute: the Texas Manufactured Housing Standards Act (Article 5221f, Sections 17(c) and/or 18(b), Texas Revised Civil Statutes).

 18. <u>Producing Cause</u>. Plaintiffs would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described hereinbelow.

 19. <u>Reliance</u>. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiffs to Plaintiffs' detriment.

 20. <u>Written Notice Given</u>. Plaintiffs have timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Business and Commerce Code by letter dated December 12, 2003,

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 6 of 21

and would show compliance with all conditions precedent to the
filing of this suit and recovery of additional damages and
attorney's fees.

## COMMON LAW FRAUD

21. Plaintiffs further show that Defendant made material
false representations to Plaintiffs with the knowledge of their
falsity or with reckless disregard of the truth with the intention
that such representations be acted upon by Plaintiffs, and that
Plaintiffs relied on these representations to their detriment.

22. Plaintiffs would further show that Defendant concealed or
failed to disclose material facts within the knowledge of
Defendant, that Defendant knew that Plaintiffs did not have
knowledge of the same and did not have equal opportunity to
discover the truth, and that Defendant intended to induce
Plaintiffs to enter into the transaction made the basis of this
suit by such concealment or failure to disclose.

23. As a proximate result of such fraud, Plaintiffs sustained
the damages described more fully hereinbelow.

## NEGLIGENT MISREPRESENTATION

24. Plaintiffs would show that Defendant supplied false
information in the course of said Defendant's business, profession
or employment, or in the course of a transaction in which Defendant
has a pecuniary interest, and that such information was supplied by
Defendant for the guidance of Plaintiffs in the transactions
described hereinabove. Defendant failed to exercise reasonable

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 7 of 21

care or competence in obtaining or communicating such information. Plaintiffs aver that Plaintiffs suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiffs' justifiable reliance on such information.

25.    Plaintiffs therefore assert a cause of action for negligent misrepresentation against Defendant, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## BREACH OF CONTRACT

26.    Plaintiffs would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiffs described hereinbelow, and for which Plaintiffs hereby sue.

## ECONOMIC AND ACTUAL DAMAGES

27.    Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)    Loss of use.

    (b)    Cost of replacement.

    (c)    Interest and/or finance charges assessed against and paid by Plaintiffs.

    (d)    Loss of the "benefit of the bargain."

    (e)    Diminished or reduced market value.

    (f)    Costs of repairs.



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 8 of 21

## DAMAGES FOR MENTAL ANGUISH

28. Plaintiffs would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

29. As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiffs hereby sue in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

30. As alleged hereinabove, Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

31. Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 7 of 21

32.   Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### RESCISSION AND OTHER ORDERS TO RESTORE

33.   Pursuant to Section 17.50(b)(3) of the Texas Business and Commerce Code, Plaintiffs request that the Court rescind the transaction on which this complaint is based and enter appropriate orders necessary to restore to Plaintiffs money and/or property acquired in violation of said Act, including but not limited to:

(a)   An order requiring Defendant to pay restitution to Plaintiffs.

### ATTORNEY'S FEES

34. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code;  (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Ramon Santellana, Maria Isabel Santellana, David Lopez and Linda Lopez, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for the economic and actual damages

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 10 of 21

requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

McCullough & McCullough

By: _____

Gene McCullough
Texas Bar No. 00794267
P.O. Box 2244,
323 E. Jackson
Harlingen, Texas 78550
Tel. (956)423 1234
Fax. (956)423 4976
Attorney for Plaintiffs
Ramon Santellana, Maria Isabel
Santellana, David Lopez and Linda
Lopez

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _11_ of _21_

## McCULLOUGH AND McCULLOUGH
Attorneys at Law
323 E. Jackson Street
P.O. Box 2244
Harlingen, Texas 78551-2244

GRAHAM McCULLOUGH
   BOARD CERTIFIED REAL ESTATE/RESIDENTIAL
   TEXAS BOARD OF LEGAL SPECIALIZATION

GENE McCULLOUGH

TELEPHONE (956) 423-1234
TELECOPIER (956) 423-4976

March 11, 2004

**RECEIVED**
JOE G. RIVERA
MAR 17 2004
CAMERON COUNTY
Time _____
By _____ Dep.

Mr. Joe G. Rivera
Cameron County Clerk
P. O. Box 2178
Brownsville, Texas 78521-2178

    Re:   Ramon Santellana, Maria Isabel Santellana, David Lopez and Linda Lopez Vs. Indies House

Dear Mr. Rivera:

    Enclosed, please find one original and one copy of Plaintiffs Original Petition regarding the matter referenced above for filing purposes.

    Please file the original, stamp the copy, send citation for our office to serve and return to our office using the self-addressed, stamped envelope also enclosed.

    Also enclosed is our check numbered 1005 from our firms litigation account in the amount of $218.00 for filing of petition, preparation of citation, and jury fees.

    As always, I would like to thank you in advance for the professional courtesies extended to our office.

    Should you have any questions, comments, or concerns regarding this or any other matter, please do not hesitate to call our office.

    Sincerely,

    McCullough & McCullough

    Gene McCullough

GM2:VD
Enclosures



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _12_ of _21_

Citation for Personal Service - GENERAL                Lit. Seq. # 5.005.01

No. 2004-CCL-00348-C

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: INDIES HOUSE
    BY SERVING THE PRESIDENT AND GENERAL MANAGER:
    RANDY MASTERS
    HIGHWAY 172 EAST
    HACKLEBURG, ALABAMA 35564

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
_____ ORIGINAL PETITION _____
at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
_____ GENE MCCULLOUGH _____ (Attorney for Plaintiff or Plaintiff), whose address is P. O. BOX 2244 HARLINGEN TX 78551-2244 on the 17th day of MARCH , A.D. 2004, in this case numbered 2004-CCL-00348-C on the docket of said court, and styled,

_____ RAMON SANTELLANA, MARIA ISABEL SANTELLANA, ET AL _____
vs.
_____ INDIES HOUSE _____

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ ORIGINAL PETITION _____
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 17th day of MARCH , A.D. 2004.

JOE G. RIVERA _____, County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____, Deputy
    CELIA RODRIGUEZ

## R E T U R N   O F   O F F I C E R

Came to hand the 30th day of march 2004, at 2:00 o'clock P.M., and executed (not executed) on the 9th day of April 2004, by delivering to Randy Masters President of INDIES House!
in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the original Petition

Cause of failure to execute this citation is: executed .

FEES serving 1 copy

Total....... $ _____         Sheriff/Constable Cameron County, Texas

Fees paid by: _____              By _____, Deputy

C. P.

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

**CRAIG H. VITTITOE**
Partner

222 E. VAN BUREN, WEST TOWER
P. O. DRAWER 1429
HARLINGEN, TEXAS 78551

TEL. (956) 428-7495
FAX (956) 428-2954
adamsgraham.com

May 4, 2004



RECEIVED
JOE G. RIVERA
· / / - 4 2004
CAMERON COUNTY
By_____Two_____ Deputy
Time _10:32___ Date _____

Mr. Joe G. Rivera
COUNTY CLERK OF CAMERON COUNTY
974 East Harrison Street
Brownsville, TX 78520

Re:    Cause No. 2004-CCL-348-C, Court at Law No. 3, Cameron County, Texas
       Ramon Santellana, Maria Isabel Santellana, David Lopez and Linda Lopez vs. Indies House
       Our File No. I-168

Dear Mr. Rivera:

Please find enclosed herewith the Original Answer, as well as a Jury Demand, on behalf of the Defendant, **CHARMING CASTLE**, a Limited Liability Corporation, d/b/a **INDIES HOUSE**, which we ask that you kindly file with the papers of the above styled and numbered cause. Also enclosed is our firm's check in the amount of $22.00 to cover the jury fee.

We also enclose a copy of the enclosed documents and would appreciate same being file marked and returned to this office.

We are, by copy of this letter, this date mailing a copy of the enclosed documents to Plaintiffs' attorney as shown below.

Thank you for your kind attention and courtesies.

Yours very truly,

**ADAMS & GRAHAM, L.L.P.**

By_____
       Craig H. Vittitoe



Enclosures

I-168-CLERK-01

**A CERTIFIED COPY**
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _14_ of _21_

Mr. Joe G. Rivera
May 4, 2004
Page 2


cc:    Mr. Gene McCullough
       MCCULLOUGH AND MCCULLOUGH
       P. O. Box 2244
       Harlingen, TX 78551-2244



[6dnl:CM-FILES\I\I168-CLERK-01

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 15 of 21

FILED FOR RECORD

AT ____ O'CLOCK ____ M

MAY - 4 2004

IN THE COUNTY COURT
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy
AT LAW NO. 3

CAUSE NO. 2004-CCL-348-C

RAMON SANTELLANA, MARIA ISABEL     :
SANTELLANA, DAVID LOPEZ AND LINDA  :
LOPEZ                              :
                                   :
                                   :
VS.                                :
                                   :
INDIES HOUSE                       :     CAMERON COUNTY, TEXAS

| | |
|---|---|
| | |

---

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in this cause, **CHARMING CASTLE**, a Limited Liability Corporation, d/b/a **INDIES HOUSE**, filing this its Original Answer respectfully showing the honorable court as follows:

I.

Special Exception

A.     Defendant specially excepts to Plaintiffs' Original Petition, Paragraphs 13 through 17, inclusive, – alleging violations of the DTPA – for the reason that Plaintiffs fail to plead facts and circumstances giving rise to the alleged violations, and of this special exception, Defendant requests the Court to direct the Plaintiffs to provide such particulars, or, in the alternative, that the allegations be in all things stricken.

B.     Defendant specially excepts to Plaintiffs' Original Petition, Paragraphs 21 through 23, inclusive, for the reason that Plaintiffs fail to identify and plead the facts and circumstances giving rise to the allegation of common law fraud, and of this special exception, Defendant prays that the Court direct the Plaintiffs to provide such particulars, or, in the alternative, that the allegations be in all things stricken.

C.     Defendant specially excepts to Plaintiffs' Original Petition, Paragraphs 24 and 25, inclusive, for the reason that Plaintiffs fail to identify and plead the facts and circumstances giving rise to the allegation of negligent misrepresentation, and of this special exception, Defendant prays that the Court direct the Plaintiffs to provide such particulars, or, in the alternative, that the allegations be in all things stricken.

D.     Defendant specially excepts to the Plaintiffs' Original Petition, Paragraph 26, where the Plaintiffs allege a claim for breach of contract but wholly fails to plead the facts and circumstances giving rise to the allegation, and of this special exception, Defendant prays that the Court order the Plaintiffs to provide such particulars, or, in the alternative, that the allegation be stricken.

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page 26 of 21

E.    Defendant specially excepts to Plaintiffs' Original Petition, Paragraphs 27 through 34, inclusive, and the concluding paragraph, due to the failure of the Plaintiffs to factually plead each of their claimed total and specific actual and economic damages, and of this special exception, Defendant prays that the Court order the Plaintiffs to provide such particulars so that it may be afforded a fair opportunity to defend the Plaintiffs' claims regarding alleged damages and claims for attorney's fees.

II.

## General Denial

Defendant denies generally and singularly each and every allegation of the Plaintiffs and demands strict proof thereof.

III.

## Statute of Limitations

Pleading further, Defendant pleads affirmatively that the claims and causes of action are barred by limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Answer be filed with the papers of this cause; and that Defendant in all things prevail, and for its costs and attorney's fees.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
    Craig H. Vittitoe
    State Bar No. 20593900    1214
    CCID No. 1214
    Barry Ray
    State Bar No. 16606355
    CCID No. 1226

ATTORNEYS FOR DEFENDANT
**CHARMING CASTLE**, a Limited Liability Corporation, d/b/a INDIES HOUSE

C:\...\N168-ANSWER                                              Page 2



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _17_ of _21_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _____ day of May, 2004.

Mr. Gene McCullough
MCCULLOUGH AND MCCULLOUGH
P. O. Box 2244
Harlingen, TX 78551-2244

_____
Craig Vittitoe

[copy\CASES\I\I168-ANSWER

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _18_ of _21_

Page 3

FILED FOR RECORD
AT ___ O'CLOCK ___ M

MAY - 4 2004

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

CAUSE NO. 2004-CCL-348-C

RAMON SANTELLANA, MARIA ISABEL    :
SANTELLANA, DAVID LOPEZ AND LINDA :
LOPEZ                             :
                                  :
                                  :
VS.                               :
                                  :
                                  :
INDIES HOUSE                      :

AT LAW NO. 3

CAMERON COUNTY, TEXAS

| DEFENDANT'S JURY DEMAND |
|---|

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, the Defendant, **CHARMING CASTLE**, a Limited Liability Corporation, d/b/a **INDIES HOUSE**, has deposited with the County Clerk of Cameron County, Texas, the jury fee of Twenty-two and no/100 Dollars ($22.00) and does make this, its Jury Demand, in the above styled and numbered cause.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By_____
        Craig H. Vittitoe
        State Bar No. 20593900
        CCID No. 1214
        Barry Ray
        State Bar No. 16606355
        CCID No. 1226

ATTORNEYS FOR DEFENDANT
**CHARMING CASTLE**, a Limited Liability Corporation,
d/b/a INDIES HOUSE



A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _19_ of _21_

H:\C:\FILES\N168-JURY DEMAND

Page 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _____ day of May, 2004.

Mr. Gene McCullough
MCCULLOUGH AND MCCULLOUGH
P. O. Box 2244
Harlingen, TX 78551-2244

_____
Craig Vittitoe

**A CERTIFIED COPY**
Joe G. Rivera, County Clerk
Cameron County, Texas
Page _20_ of _21_

f6dpd\R\FILES\I\I168-JURY DEMAND

Page 2

# CIVIL DOCKET

| NAME OF PARTIES | | ATTORNEYS | KIND OF ACTION |
|---|---|---|---|
| RAMON SANTELLANA, MARIA ISABEL SANTELLANA, ET AL | | (00394602) GENE MCCULLOUGH | (06) |
| VS | | | SUIT ON CONTRACT |
| INDIES HOUSE | | | |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - (C |
|---|---|---|

A CERTIFIED COPY
Joe G. Rivera, County Clerk
Cameron County, Texas